IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY WAYNE NEWBY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2510-N |
| | § | |
| THE KROGER COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants The Kroger Company and Kroger's (collectively, "Kroger") motion to strike [13]. Because the Court holds that Texas Civil Practice and Remedies Code § 18.001 does not apply in federal court, the Court grants Kroger's motion.

### I. ORIGINS OF THE DISPUTE

Plaintiff Billy Wayne Newby alleges that he tripped and fell on a meat counter at a Kroger store. Newby originally filed suit in Texas state court, and Kroger removed the case based on diversity jurisdiction. The parties began discovery, and Newby filed his initial disclosures and discovery responses. As part of his initial disclosures, Newby filed several affidavits ostensibly seeking to prove the reasonableness and necessity of Newby's medical treatment under Texas Civil Practice and Remedies Code § 18.001. *See* Br. Supp. Defs.' Mot. Strike Pl.'s Aff. Ostensibly Served Pursuant Texas Civil Practice and Remedies Code Section 18.001 ("Defs.' Mot.") 2 [13]. These affidavits include an affidavit of records from the custodian of Encompass Health Rehabilitation Hospital and a billing record affidavit of BSW Orthopedic Association of Dallas. *See* App. Supp. Defs.'

MEMORANDUM OPINION AND ORDER – PAGE 1

Mot. Strike Pl.'s Aff. Ostensibly Served Pursuant Texas Civil Practice and Remedies Code

Section 18.001, Ex. B, C ("Defs.' App.") [15]. Kroger now seeks to strike these affidavits

because it argues that section 18.001 does not apply when a case is in federal court on the

basis of diversity jurisdiction.  Newby did not respond to Kroger's motion.

## II.  LEGAL STANDARD

Under the *Erie* doctrine, federal courts sitting in diversity jurisdiction apply state

substantive law but adhere to federal rules of procedure.  *Hanna v. Plumer*, 380 U.S. 460,

466–67 (1965).  In determining whether to apply a state law, courts first assess whether the

state rule conflicts with a federal law or rule.  *Shady Grove Orthopedic Assocs., P.A. v.

Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("We do not wade into *Erie*'s murky waters

unless the federal rule is inapplicable or invalid.").  The Supreme Court has cautioned

regarding this endeavor that the "Federal Rules should be given their plain meaning."

*Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980) ("This is not to suggest that the

Federal Rules of Civil Procedure are to be narrowly construed in order to avoid a 'direct

collision' with state law.").  If there is no federal rule on point or the relevant federal rule

exceeds congressional authority, courts then must engage in an *Erie* analysis and determine

whether the choice of rule would be "outcome affective" in light of the "twin aims of the

*Erie* rule."  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 (1996).

## III.  THE COURT GRANTS KROGER'S MOTION

Section 18.001 of the Texas Civil Practices and Remedies Code was enacted "to

streamline proof of the reasonableness and necessity of medical expenses."  *Gunn v.

McCoy*, 554 S.W.3d 645, 672 (Tex. 2018).  The statute provides that when a party submits

MEMORANDUM OPINION AND ORDER – PAGE 2

an affidavit stating that a service was necessary and that the amount charged was reasonable, that affidavit is sufficient evidence to support a finding of fact that a particular service charge was reasonable and necessary.[1] TEX. CIV. PRAC. & REM. CODE § 18.001(b). Opposing parties are also permitted to file controverting affidavits. *Id.* § 18.001(e). The Fifth Circuit has not addressed the applicability of section 18.001 in federal court, and federal district courts in Texas are split on the issue. *See Bagley v. Dollar Tree Stores, Inc.*, 2019 WL 6492585, at *5 (E.D. Tex. Dec. 2, 2019) (collecting cases). Previously, this Court held in a 2014 opinion that section 18.001 may be applied in federal court. *Bowman v. Cheeseman, LLC*, 2014 WL 11515575, at *1 (N.D. Tex. Dec. 9, 2014). In the interceding six years, however, there have been significant caselaw developments that warrant reconsideration of that position.

The Fifth Circuit's 2019 opinion in *Klocke v. Watson* is one such case. *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019). In *Klocke*, the Fifth Circuit addressed the applicability of an analogous statute, the Texas Citizens Participation Act ("TCPA"), and held it inapplicable in federal court. *Id.* at 245. Like section 18.001, the TCPA is aimed at effectuating "a speedy process for resolving litigation," but the TCPA is specifically

---

[1] The text states in relevant part:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE § 18.001(b).

MEMORANDUM OPINION AND ORDER – PAGE 3

aimed at litigation implicating the rights to free speech, petition, or association. *Id.* at 244.

Under the statute's burden-shifting framework, courts are required to dismiss cases if a

movant shows "by a preponderance of the evidence" that the action is based on the

movant's listed rights unless the non-movant responds with "clear and specific evidence"

establishing "a prima facie case for each element of the claim in question." *Id.* The burden

then returns to the movant to show "by a preponderance of the evidence each essential

element of a valid defense" to obtain dismissal. *Id.* The Fifth Circuit reasoned that because

the TCPA alters the standards for pretrial dismissal and summary judgment by "impos[ing]

additional requirements beyond those found in Rules 12 and 56," it is inapplicable in

federal court. *Id.* at 245.

　　When applied to section 18.001, the Court's analysis in *Klocke* suggests that section

18.001, which makes admissible a form of evidence otherwise barred by Federal Rule of

Evidence 801 and not admissible under any hearsay exception, likewise should be held

inapplicable. Section 18.001 alters the acceptable methods of presenting evidence — in

this case, by expanding the categories of admissible evidence — and thus conflicts with

federal rules that provide different standards for evidence admissibility.[2] *See Klocke*, at

247 ("[T]he test of whether a conflict between the Federal Rules and a state statute exists

---

[2] The Court holds that Federal Rule of Evidence 801 is a valid procedural rule. *See Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993) (describing the Federal Rules of Evidence as "federal procedural law"); *see also* 19 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4512 (3d ed. 1982 & Supp. 2006) (stating that "since all of the Evidence Rules can be viewed rationally as rules of procedure (the constitutional standard announced in *Hanna v. Plumer*), they are all clearly constitutional").

MEMORANDUM OPINION AND ORDER – PAGE 4

is . . . whether the Federal Rules in question are sufficiently broad to control the issue before the court.") (internal quotation omitted).

In contrast to the similar Mississippi statute addressed by the Fifth Circuit in *Foradori v. Harris*, Federal Rule of Evidence 302 does not prevent the clash between section 18.001 and Rule 801. In *Foradori*, the Fifth Circuit held that a Mississippi law, which states that proof that medical bills were paid or incurred shall establish the reasonableness and necessity of medical damages, was applicable because that law creates a presumption regarding an element of a state law claim. *Foradori v. Harris*, 523 F.3d 477, 519 (5th Cir. 2008). Rule 302 provides that "state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 302. In determining that the Mississippi law created such a presumption regarding the damages element of a negligence claim, the Fifth Circuit relied heavily on the fact that the Mississippi Supreme Court had expressly held that this provision created a rebuttable presumption. *Foradori*, 523 F.3d at 517–18 (stating that Mississippi courts interpret the provision as "making medical bills vouched for by victims' in-court testimony not only admissible but, in combination with that testimony, prima facie evidence and a presumption of proof of that part of a victim's damages case").

That critical factor is not present in this case. The Texas Supreme Court has never held that section 18.001 creates a presumption, rebuttable or otherwise. Instead, in a recent 2018 case, the Texas Supreme Court reiterated its 2011 interpretation of section 18.001 as "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses," and clarified that section 18.001

MEMORANDUM OPINION AND ORDER – PAGE 5

"affidavits are not conclusive."   *Gunn*, 554 S.W.3d at 672; *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011) ("The statute does not establish that billed charges are reasonable and necessary . . . ."). The Court's circumscribed interpretation of section 18.001 in *Gunn*, limiting it to an efficient method of presenting evidence, cuts against the argument endorsed by some district courts that section 18.001 impliedly imposes a rebuttable presumption on the damages element of personal injury claims. *See Badgley*, 2019 WL 6492585, at *6. Further, unlike the Mississippi law — which expressly states that proof of medical bills "shall be prima facie evidence" that the bills were necessary and reasonable — section 18.001 uses no such language. *See Foradori*, 523 F.3d at 517. It simply declares that affidavits may be used, may be sufficient to establish damages, and that defendants are permitted to use counteraffidavits in response.

Due to this change in caselaw, this Court recently held that section 18.001 is not applicable in federal courts because it conflicts with Federal Rule of Evidence 801. *See Davila v. Kroger Tex., LP*, 2020 WL 2331079 (N.D. Tex. May 8, 2020). Similarly, the Court holds here that section 18.001 is not applicable, and the Court strikes Newby's affidavits.

CONCLUSION

In sum, the Court holds that section 18.001 conflicts with a valid Federal Rule of Evidence, Rule 801, under the analysis applied by the Fifth Circuit in *Klocke*. Further, the Texas Supreme Court's 2018 decision in *Gunn* persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal

MEMORANDUM OPINION AND ORDER – PAGE 6

Rule of Evidence 302.  Because the Court holds that section 18.001 is not applicable, the

Court grants Kroger's motion and strikes Newby's section 18.001 affidavits.

Signed July 11, 2020.

David C. Godbey
United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7